Battle, J.
 

 "We are unable to discover any error in the charge-of his Honor, of which the defendant can complain. The' act of 1856, chapter T, makes the mere fact of killing cattle or other live stock by the engine or cars of a rail-road
 
 jprima facie
 
 evidence of negligence on the part of such company. Proof of having killed-the plaintiff’s horse, then, having been made, tbe force of that law is to declare that the company’s agents were guilty of negligence of which they could not acquit themselves, except by showing that there was no neglect whatever. It is not sufficient for them to prove that there was probably no negligence. They are put 'by the law under the heavy burden of proving affirmatively, a negative. The difficulty of such a position is strongly ex*
 
 *112
 
 emplified by the cases of
 
 State
 
 v. Patton, 5 Ired. 180, and State v.
 
 Goode,
 
 10 Ired. 49, decided uuder the law which made the examination of the mother of a bastard child,
 
 prima facie
 
 evidence of its paternity. In the ease before us, wo think, for the reasons given by his Honor in the Court below, that
 
 the]>rima fade
 
 case, made by the plaintiff, was not overthrown by the testimony given, for the defendant. IIis Hon- or might, perhaps, have goub further and stated that the engineer, himself, liad shown some neglect by not having placed himself in such a position that he could see along the curve■ of the road, around which the cars wore running. Of that, however, the facts stated do not enable ns to give & definite opinion.
 

 Pku CukiaM;. Judgment affirmed,,.